GIMBEL, FLORSHEIM & CO. v. SALOMON ET AL.

1. **Evidence**: PRINCIPAL AND AGENT: DECLARATIONS OF AGENT. The declarations of an agent, respecting matters outside of his employment, are not binding upon his principal.

2. ———: CONTENTS OF LETTER. Parol evidence of the contents of a letter is inadmissible unless the absence of the letter itself is first accounted for.

*Appeal from Lucas District Court.*

FRIDAY, SEPTEMBER 24.

THE plaintiffs in this case filed a petition claiming of the defendants, Charles M. Salomon and M. Nusbaum, $300. The petition alleges that at different times between August 31st and November 17th, 1877, the plaintiffs sold to the defendants merchandise aggregating $321.80, and, after allowing credits and adding interest, there was due at the time of filing the petition $280; that on the 1st day of March, 1878, the defendant Charles M. Salomon gave to the plaintiffs his promissory note for $100, due in thirty days, and another promissory note for $121.80, due in sixty days; that when said goods were sold to the defendants they were partners in the retail clothing business at Chariton, Iowa, and the defendant Salomon supervised the business. The plaintiffs further allege that H. T. Hahn & Co., doing business in Chicago, on the 13th day of December, 1877, sold to the defendants merchandise amounting to $24.07, of which claim the plaintiffs are owners by assignment. Afterward the plaintiffs filed an amended petition alleging that the stock of goods described in the petition was owned in whole by the defendant Nusbaum, and the business was carried on by Salomon in the name and for the benefit of Nusbaum; that the bills of goods described in the original petition were purchased for said store and placed therein and accepted by the defendant Nusbaum, and that he afterward took them into his actual pos-

session and disposed of them, and that Salomon had authority, as agent of the defendant Nusbaum, to purchase said goods.

The defendant Nusbaum filed an answer denying all the allegations of the petition. Judgment by default was rendered against the defendant Salomon for the amount of the notes and account. The cause as to the defendant Nusbaum was tried to the court, and judgment was rendered against the plaintiffs for costs. The plaintiffs appeal.

*Dungan & Crane*, for appellants.

*Stuart Bros. & Bartholomew*, for appellee.

DAY, J.—I. The plaintiffs took the deposition of their salesman, one N. Kramer, and among others asked him the following question: "Have you had a business acquaintance with the firm of J. Herman & Co. of Baltimore, Maryland, and if so, how long, and to what extent, and who composed the members of said firm?" The witness answered as follows: "I have had a business acquaintance with said firm, but no personal acquaintance with its members. My acquaintance has been from the time I commenced traveling for plaintiffs; I have sold their managers goods at various times for their several stores at Chariton, Ottumwa and Washington, Iowa. I do not know what the names of the members who constitute said firm are except by the statements given me by C. M. Salomon, of Chariton, Iowa, given in October, 1876, when he told me that M. Nusbaum was one of the members of the firm of said J. Herman & Co." The defendant moved the court to suppress this interrogatory and the answer thereto, upon the ground that they were immaterial and irrelevant, and that the statements of C. M. Salomon are not admissible against the defendant. The court sustained this motion as to the statement of Salomon so far as it affects Nusbaum. This action of the court is assigned as error

The ruling of the court was clearly correct. Conceding,

even, that Salomon was the agent of Nusbaum, still he could bind him by his declarations only when they were made respecting a matter properly within the scope of his employment, and when actively engaged in the duties of that employment. There is no evidence that the declaration was made under such circumstances. So far as appears, evidence of what Salomon said is mere hearsay.

II. The plaintiffs, on the examination of said N. Kramer, asked him the following question: "At the time you forwarded to the plaintiffs the order dated August 31, 1877, in exhibit "A," what explanation, if any, did you give plaintiffs as to who was to be responsible for these goods, and in whose name were they to be shipped and why?" To this the witness answered as follows: " I wrote to my firm of Gimbel, Florsheim & Co. that the goods herein ordered were for the use and benefit of M. Nusbaum, of the firm of J. Herman & Co., and also attached a statement given to me by C. M. Salomon, the same statement already answered heretofore.

The defendant moved to suppress answer upon the ground that it was not the best evidence of the fact sought to be proven. The motion was sustained, and this action of the court is assigned as error. In this answer it was sought to introduce parol proof of what the plaintiff's agent wrote to them, without accounting for the absence of the letter itself. That this cannot be done is too elementary to warrant discussion.

2. ——: contents of letter.

III. All the other questions argued relate to the finding of facts by the court. It is urged that they are not supported by the evidence. The court's finding of facts stands as the verdict of a jury, and cannot be disturbed unless it is so clearly unsupported by the testimony as to warrant the conclusion that it was the result of passion or prejudice. The evidence in this case warrants no such conclusion. The evidence is conflicting. It fairly supports the court's conclusions.

AFFIRMED.